UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

ANTHONY MICHAEL HARRIS,

    Petitioner,

v.                                              CIVIL ACTION NOS. 5:23-cv-00610
                                                                       5:24-cv-00642

W. HOLZAPFEL,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

        Pending are Petitioner Anthony Michael Harris' ("Petitioner") (1) Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF 1], filed September 13, 2023, (2) Motion for Summary Judgment [ECF 18], filed May 28, 2024, (3) Motion for Preliminary Injunction [ECF 21], filed June 24, 2024, and (4) Supplemental Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 [ECF 31], re-docketed on February 13, 2025—after the Court's consolidation of two of Petitioner's matters—and originally filed November 12, 2024, in Civil Action No. 5:24-cv-00642.

**I.**

        Petitioner instituted this action on September 13, 2023, claiming his Prisoner Assessment Tool Targeting Estimated Risks and Needs ("PATTERN") score as applied by the Bureau of Prisons ("BOP") was inflated. He claimed error in the BOP's application of an "outdated program statement," which classified Petitioner's 18 U.S.C. § 922(g)(1) conviction as a crime of violence for purposes of his PATTERN score. [ECF 1 at 6–7]. On November 12, 2024, Petitioner instituted another action, which has since been consolidated with this one, reiterating the

inappropriateness of his PATTERN score, its effect on his potential to apply his federal earned time credit ("FTC") toward his early release, and further requesting that his FTC be applied toward his early release. [ECF 31 and 32].

The case was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). [ECF 3]. Magistrate Judge Tinsley filed his PF&R on February 14, 2025. [ECF 33]. Magistrate Judge Tinsley recommended the Court deny Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF 1] and Supplemental Petition [ECF 31], Motion for Summary Judgment [ECF 18], Motion for Preliminary Injunction [ECF 21], and dismiss the consolidated civil actions. [ECF 33 at 25]. Petitioner timely filed his objections on February 27, 2025. [ECF 34].

## II.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)).

"Importantly, objections need not be novel to be sufficiently specific." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). "[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "If the grounds for objection are clear, district court judges must consider them de novo, or else run afoul of both § 636(b)(1) and

2

Article III." *Elijah*, 66 F.4th at 460. Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### III.

After an exhaustive review, Magistrate Judge Tinsley concluded (1) the Petitioner's claims were precluded from judicial review under 18 U.S.C. § 3625, (2) Petitioner failed to exhaust administrative remedies, and (3) Petitioner failed to state a plausible claim upon which relief could be granted. [ECF 33].

In his objections, Petitioner emphasizes "Program Statement # 5162.05 is an [unreasonable] interpretation of a Supreme Court ruling and [an] 'amended' definition of a federal statute . . . ." [EFC 34 at 2]. This point does not impair the magistrate judge's analysis inasmuch as the case and statutory law to which Petitioner refers is much more limited in scope than Petitioner asserts and is not precedential in the context of the BOP qualifying § 922(g)(1) as a crime of violence for purposes of calculating a PATTERN score. [EFC 33 at n.3].

Petitioner further objects to the finding that he failed to exhaust his administrative remedies. [ECF 34 at 2–3]. Petitioner contends prison staff "withheld [grievance] forms" and "legal mail" and were "rarely available." [*Id.*]. Petitioner also contends he is "locked down [most] days" past mailroom hours. [*Id.* at 3]. Despite his contentions, the Court notes the handful of administrative remedy grievances successfully transmitted by Petitioner and rejected at multiple levels with repetitive instructions relaying the appropriate process for pursuit of the claims, instructions which Petitioner did not heed. [ECF 1, Ex. F and ECF 31, Ex. B–F]. The Court also notes Petitioner's timely, multitudinous motions, responses, and letters in this consolidated civil

action.

## IV.

Accordingly, the Court **ADOPTS** the PF&R [**ECF 33**], **DENIES** Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [**ECF 1**] and Supplemental Petition [**ECF 31**], Motion for Summary Judgment [**ECF 18**], Motion for Preliminary Injunction [**ECF 21**], and **DISMISSES** the consolidated civil actions from the Court's docket.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER:        March 10, 2025

*Frank W. Volk*
Frank W. Volk
Chief United States District Judge